# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-50543
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Daniel Thomason Smith,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CR-39-1

———————————————————————

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Daniel Thomason Smith, federal prisoner # 29163-380, seeks to proceed in forma pauperis (IFP) on appeal from the order denying his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He contends that his unusually long sentence, coupled with a change in the law made by

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50543

*Dubin v. United States*, 599 U.S. 110 (2023), constitutes an extraordinary and compelling reason justifying his release under U.S.S.G. § 1B1.13(b)(6), p.s.

Through his IFP motion, Smith challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Thus, our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal citation omitted). We do not consider Smith's conclusory assertions that the district court (1) violated his constitutional rights by issuing a sanction warning and denying him counsel, and (2) exhibited bias. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); Fed. R. App. P. 28(a)(8).

As Smith (who admits it) has not yet served 10 years of his sentence, he does not qualify for the relief he requests. *See* § 1B1.13(b)(6), p.s. In any event, he fails to raise a nonfrivolous issue as to whether the district court abused its discretion by denying relief based on the 18 U.S.C. § 3553(a) factors. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020); *Howard*, 707 F.2d at 220. The district court cited the nature and circumstances of Smith's offenses, his criminal history, and the need to provide just punishment and adequately deter criminal conduct as reasons for denying compassionate release. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(B). While Smith challenges the loss calculation and criminal history cited by the district court, both are fully supported by the presentence report. *See Yohey*, 985 F.2d at 225. To the extent he disagrees with the district court's balancing of the § 3553(a) factors, Smith fails to show an abuse of discretion. *See Chambliss*, 948 F.3d at 694.

For the foregoing reasons, we DENY the IFP motion and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.